IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT LEE DICKERSON,**

                **Plaintiff,**

    v.                                    **CASE NO. 18-3066-SAC**

**CORIZON HEALTH, et al.,**

                **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff, a state prisoner appearing pro se and in forma pauperis, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Mr. Dickerson is an inmate at El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). He alleges that his Eighth Amendment rights are being violated by Defendants' deliberate indifference to his medical needs. Mr. Dickerson further alleges a violation of the Americans with Disabilities Act ("ADA"). Plaintiff names as defendants: Corizon Health; the State of Kansas[1]; Dr. Corbier, Regional Medical Director for Corizon; M. Einerson, RN for Corizon Health; James Heimgartner, former Warden of EDCF; Doug Burris, designee of the Kansas Secretary of Corrections; Deane W. Donley, Deputy Warden of Programs, EDCF; and C. Delperdang, RN-BSN, Assistant Director of Nursing for Corizon Health.

---

[1] The State of Kansas is not a proper defendant to a § 1983 action. However, Plaintiff also brings an ADA claim. In some instances, the ADA abrogates state sovereign immunity. *See U.S. v. Georgia*, 546 U.S. 151, 159 (2006). The Court cannot say with certainty at this point that the State of Kansas must be dismissed.

1

Mr. Dickerson is 49 years old and has an extensive history of health problems. He has Hepatitis-C and had been receiving treatment from the University of Kansas Liver Transplant Program for end-stage cirrhosis of the liver since 1998. He was treated for liver cancer in 2007 and 2009, he received a pacemaker in 2010, and he suffered a stroke in 2014.

In 2016, Plaintiff was sentenced to 216 months on a conviction for aggravated indecent liberties with a child and was sent to EDCF. Upon his arrival at EDCF in July of 2016, he informed the intake nurse of his medical history. He also informed her of the pain medication he had been prescribed due to chronic abdominal pain resulting from his liver failure. Apparently, he had some blood work done as part of the intake process, and a Corizon nurse later told him that his blood work did not show he had cirrhosis.

Within two days of his arrival at EDCF, Mr. Dickerson submitted a sick call request because he was feeling poorly. He was told to take "some pill" by a nurse. Soon after, he had to be transported by ambulance to the hospital to be treated for an ileus and acute renal failure.

Upon his return to EDCF, he was held overnight on the medical unit, then returned to the general population without seeing a doctor. Plaintiff began submitting sick calls because he was in a lot of pain. About a month after his hospitalization, a Corizon employee asked him to sign a medical release authorizing Corizon to get his medical records from KU. He alleges he refused to sign because the release only asked for records about his HCV and pacemaker going back to "2000 something." The nurse refused to change the release to request all of his records from 1997 forward.

In response to grievances, Mr. Dickerson discovered Corizon had placed him on "chronic care" and placed a "Medical Level 5" on him. When Plaintiff continued to complain of pain and

difficulty breathing, Corizon staff gave him a cane and later a wheelchair. He alleges he is given pain medication only for short periods of time.

Plaintiff complains Defendants have not provided him with proper treatment for his end-stage cirrhosis, that he has not been treated by qualified medical providers, and that the pain he suffers as a result of his medical condition has been largely ignored by Defendants. He seeks an injunction ordering Corizon to have Plaintiff seen by the liver transplant team at KU and to follow the directions resulting from that consult. Plaintiff also seeks compensatory damages.

The Court finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of the El Dorado Correctional Facility. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of EDCF to prepare and file a *Martinez* report. Once the report and Defendants' answers have been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

**IT IS THEREFORE ORDERED:**

(1) The Clerk of Court shall serve defendants James Heimgartner, Doug Burris, and Deane W. Donley under the e-service pilot program in effect with the Kansas Department of Corrections. The Clerk of the Court shall prepare summons to be served pursuant to Rule 4(c)(3) on defendants Corizon Health and the State of Kansas by the U.S. Marshal at no cost to Plaintiff. The Clerk of the Court shall prepare waiver of service forms for the remaining defendants, pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served at no cost to Plaintiff absent a finding by the Court that Plaintiff is able to pay such costs.

(2)     The report required herein shall be filed no later than **sixty (60) days** from the date of this order, and Defendants' answers shall be filed within **sixty (60) days** following receipt of that report by counsel for Defendants or as set forth in the waiver of service, whichever is later.

(3)     Officials responsible for the operation of the El Dorado Correctional Facility are directed to undertake a review of the subject matter of the complaint:

    a.     To ascertain the facts and circumstances;

    b.     To consider whether any action can and should be taken by the institution to resolve the subject matter of the complaint; and

    c.     To determine whether other like complaints, whether pending in this Court or elsewhere, are related to this complaint and should be considered together.

(4)     Upon completion of the review, a written report shall be compiled which shall be attached to and filed with the defendants' answers or responses to the complaint. Statements of all witnesses shall be in affidavit form. Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report. Any recordings related to Plaintiff's claims shall also be included.

(5)     Authorization is granted to the officials of the El Dorado Correctional Facility to interview all witnesses having knowledge of the facts, including the plaintiff.

(6)     No answer or motion addressed to the complaint shall be filed until the *Martinez* report required herein has been prepared.

(7)     Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendants' answers or responses to the complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

**IT IS FURTHER ORDERED** that the Clerk of Court shall enter the Kansas Department of Corrections as an interested party on the docket for the limited purpose of preparing the *Martinez* Report ordered herein. Upon the filing of that report, KDOC may move for termination from this action.

Copies of this order shall be transmitted to Plaintiff, to Defendants, and to the Attorney General for the State of Kansas.

**IT IS SO ORDERED.**

DATED: This 11th day of April, 2018, at Topeka, Kansas.

**s/ Sam A. Crow**
**SAM A. CROW**
**U.S. Senior District Judge**
