IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


ROBERT LEE DICKERSON,

                Plaintiff,

v.                                CASE NO. 18-3066-SAC

CORIZON HEALTH, et al.,

                Defendants.


## MEMORANDUM AND ORDER

This matter is before the Court on motions to dismiss filed by Defendants Kansas Department of Corrections (KDOC), James Heimgartner, Deane Donley, and Doug Burris ("KDOC Defendants") (ECF No. 54) and Defendants Corizon, LLC, Connie Delperdang, and Mary Einerson ("Corizon Defendants") (ECF No. 57). Plaintiff has not filed a response to either motion.[1] For the reasons described herein, Defendants' motions are granted. Plaintiff has also filed a motion for status (ECF No. 59), which is addressed by this Order, and the KDOC Defendants have filed a motion to stay discovery (ECF No. 56), which is denied as moot.

---

[1] Local Rule 7.4(b) provides that if a response to a motion is not filed within twenty-one (21) days, the Court will consider and decide the motion as an uncontested motion. Ordinarily, the Court will grant the motion without further notice. However, the Tenth Circuit has directed that a district court may not grant a 12(b)(6) dismissal based solely on the plaintiff's failure to respond. *Issa v. Comp USA*, 354 F.3d 1174, 1177-78 (10th Cir. 2003). Instead, it "must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted." *Id.*

1

**Summary of Complaint**

Plaintiff alleges that his Eighth Amendment rights are being violated by Defendants' deliberate indifference to his medical needs. Mr. Dickerson further alleges a violation of the Americans with Disabilities Act ("ADA"). Plaintiff complains Defendants have not provided him with proper treatment for his end-stage cirrhosis of the liver, that he has not been treated by qualified medical providers, and that the pain he suffers as a result of his medical condition has been largely ignored by Defendants. He seeks an injunction ordering that he be seen by the liver transplant team at the University of Kansas and to follow the directions resulting from that consult. Plaintiff also seeks compensatory damages.

**Motion to Dismiss by KDOC Defendants (ECF No. 54)**

In their Motion to Dismiss and Memorandum in Support, the KDOC Defendants first argue that Plaintiff has failed to state an actionable claim under the ADA (Count II of the Complaint) because the ADA does not provide a means for prisoners to challenge medical decisions regarding appropriate treatment. Defendants also point out that individuals, such as Defendants Heimgartner, Donley, and Burris, cannot violate the ADA.

In addition, Defendants argue KDOC is not a proper party to a § 1983 action and should be dismissed; Defendants Heimgartner, Donley, and Burris are entitled to Eleventh Amendment immunity from claims Plaintiff makes against them in their official capacities; the same defendants should be dismissed because Plaintiff fails to allege they personally participated in the alleged civil rights violations; and the same defendants are entitled to qualified immunity on Plaintiff's deliberate indifference claim.

**Motion to Dismiss by Corizon Defendants (ECF No. 58)**

In their Motion to Dismiss and Memorandum in Support, the Corizon Defendants also argue that Count II should be dismissed because failure to provide medical treatment an inmate desires is not actionable under the ADA. Defendants further argue that neither the individuals nor Corizon are subject to the ADA.

**Legal Standards**

**Rule 12(b)(6)**

"To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Schrock v. Wyeth, Inc.*, 727 F.3d 1273, 1280 (10th Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). When applying this standard, a court must accept as true all well-pleaded factual allegations and then ask whether those facts state a plausible claim for relief. *See id.* at 679. Viewing the complaint in this manner, the Court must decide whether the plaintiff's allegations give rise to more than speculative possibilities. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)).

**28 U.S.C. § 1915(e)**

28 U.S.C. § 1915 applies to cases, such as this, that are filed *in forma pauperis*. Under subsection (e)(2)(B), such cases must be dismissed if the Court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). Dismissal under subsection (e)(2)(B) may occur at any time. 28 U.S.C. § 1915(e)(2).

## Analysis

**Plaintiff's ADA Claim**

In Count II of his Complaint, Plaintiff alleges Defendants violated the ADA by denying him access to services, activities, or programs protected by the ADA. He also claims violation of the Rehabilitation Act (29 U.S.C. § 794a). He does not specify which services, activities, or programs he has been prohibited from accessing, other than to state he "has not been seen by any doctor but one here at the prison in two years" (ECF No. 4 at 6), but the Court assumes he is referring to his claim that he has been denied proper medical treatment, including a liver transplant.

The ADA prohibits discrimination by government entities on the basis of disability. Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Likewise, section 794 of the Rehabilitation Act prohibits discrimination against an individual with disabilities by the recipient of federal financial assistance and creates a private right of action in favor of such an individual injured by a violation. 29 U.S.C. § 794. To state a claim for a violation of the ADA, a plaintiff must allege he is disabled within the meaning of the ADA, he has been excluded from participation in a public entity's services or programs, and that exclusion was because of his disability. *Robertson v. Las Animas County Sheriff's Dept.*, 500 F. 3d 1185, 1193 (10th Cir. 2007). The elements of a claim under the Rehabilitation Act are the same. *Neilson v. Moroni Feed Co.*, 162 F.3d 604, 608 n.7 (10th Cir. 1998).

Plaintiff's allegations do not fit within the ADA framework because he is not claiming he was denied treatment or services *because of* his alleged disability. Rather, he is claiming he was denied services *for* his disability. *See Rosado v. Alameida*, No. CIV.03CV111OJ (LSP), 2005 WL 892120, at *3 (S.D. Cal. Feb. 8, 2005). While disabled persons are entitled to reasonable accommodation during incarceration (*Robertson.*, 500 F. 3d at 1198), the Tenth Circuit has found that the ADA does not generally provide an avenue for prisoners to challenge medical decisions. *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005); *Nasious v. Colorado*, 495 F. App'x 899, 902 (10th Cir. 2012); Breedlove v. Costner, 405 F. App'x 338, 341 (10th Cir. 2010). Failure to provide medical treatment the inmate desires is not actionable under the ADA. *Nasious*, 495 F. App'x at 902; *see also Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) (stating the ADA "would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. No discrimination is alleged; [plaintiff] was not treated worse because he was disabled. . . The ADA does not create a remedy for medical malpractice."). Thus, Plaintiff fails to state a viable claim under the ADA or the Rehabilitation Act. Count II of Plaintiff's complaint is dismissed.

**KDOC as a Defendant**

Plaintiff's remaining claim is made under § 1983. The State of Kansas and its agencies such as the KDOC are not "persons" that Congress made amenable to suit for damages under § 1983. *Howlett v. Rose*, 496 U.S. 356, 365 (1990); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64, 71 (1989)("Neither a State nor its officials acting in their official capacities are 'persons' under § 1983.").

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the

United States by Citizens of another State . . ..." Absent waiver, neither the State of Kansas nor its agencies are be subject to suit in federal court. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993); *Cory v. White*, 457 U.S. 85, 90-91 (1982); *Trujillo v. Williams*, 465 F.3d 1210, 1214 n.1 (10th Cir. 2006)(citing *ANR Pipeline Co. v. Lafaver*, 150 F.3d 1178, 1187 (10th Cir. 1998)("[A] citizen's suit against a state agency is barred by the Eleventh Amendment just as surely as if the suit had named the state itself.")); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984)(the Eleventh Amendment bar applies regardless of the form of relief sought) .

For these reasons, the KDOC is dismissed from this action.

**Individual KDOC Defendants**

The Eleventh Amendment bars a claim for damages against any state official acting in his or her official capacity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). Therefore, to the extent Plaintiff is making a claim against Defendants Heimgartner, Burris, or Donley in their official capacity, such claim is dismissed.

As for individual capacity claims, Defendants must have personally participated in the alleged constitutional violation to be held liable. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Graham*, 473 U.S. at 166; *Trujillo*, 465 F.3d at 1227-28; *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Plaintiff's only allegations against Defendants Heimgartner, Burris, and Donley are in the context of their involvement in the grievance procedure or, in the case of Defendant Heimgartner, generalized responsibility for the operation of the prison. Plaintiff makes no allegation of personal participation by these defendants in the treatment decisions. It is well established that "§ 1983 does not recognize a concept of strict supervisor

liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). The Tenth Circuit has also repeatedly held that the denial of administrative grievances alone is insufficient to establish personal participation. *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir. 2009) (A "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *Larson v. Meek*, 240 F. App'x 777, 780 (10th Cir. 2007); *see Stewart v. Beach*, 701 F.3d 1322, 1328 (10th Cir. 2012).

Because any claim against Defendants Heimgartner, Burris, and Donley in their official capacity is barred and because Plaintiff fails to allege the personal participation required to state a claim against them in their individual capacities, these defendants are dismissed.

**Qualified Immunity**

The KDOC Defendants also argue they are entitled to qualified immunity. Because the Court finds they are entitled to dismissal on other grounds, the question of qualified immunity is not reached.

**KDOC Defendants' Motion to Stay Discovery (ECF No. 56)**

The KDOC Defendants ask the Court to enter an Order staying discovery and other Rule 26 activities pending a ruling on their motion to dismiss. As the motion to dismiss is granted by this Order, the motion to stay discovery is denied as moot.

**Plaintiff's Motion for Status (ECF No. 59)**

Plaintiff asks the Court about the status of his case. The motion is granted to the extent Plaintiff seeks an update on the status of his case.

## Conclusion

For the reasons discussed above, Defendants' motions to dismiss are granted insofar as they request dismissal of Plaintiff's ADA claim and dismissal of Defendants KDOC, Heimgartner, Burris, and Donley. Plaintiff's motion for status is granted, and the KDOC Defendants' motion to stay discovery is denied as moot.

**IT IS THEREFORE ORDERED** the motion to dismiss filed by the Kansas Department of Corrections, James Heimgartner, Deane Donley, and Doug Burris (ECF Doc. 54) is **granted**. Plaintiff's claim under the Americans with Disabilities Act (Count II) is dismissed for failure to state a claim on which relief may be granted. Defendants Kansas Department of Corrections, James Heimgartner, Doug Burris, and Deane Donley are dismissed from this action.

**IT IS FURTHER ORDERED** the motion to dismiss filed by Corizon, LLC, Connie Delperdang, and Mary Einerson (ECF Doc. 57) is **granted**. Plaintiff's claim under the Americans with Disabilities Act (Count II) is dismissed for failure to state a claim on which relief may be granted.

**IT IS FURTHER ORDERED** the motion for status filed by Plaintiff (ECF No. 59) is **granted** to the extent Plaintiff seeks an update on the status of his case.

**IT IS FURTHER ORDERED** the motion to stay discovery filed by the Kansas Department of Corrections, James Heimgartner, Deane Donley, and Doug Burris (ECF Doc. 56) is **denied** as moot.

**IT IS SO ORDERED.**

DATED:  This 12th day of June, 2019, at Topeka, Kansas.


                                  **s/ Sam A. Crow**
                                  **SAM A. CROW**
                                  **U.S. Senior District Judge**