IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT LEE DICKERSON,**

       **Plaintiff,**

   v.           CASE NO. 18-3066-SAC

**CORIZON HEALTH, et al.,**

       **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

This matter is before the Court on a Motion for Reconsideration (ECF No. 68) filed by Plaintiff and Plaintiff's Third Motion to Appoint Counsel (ECF No. 67). The Court has also completed the final screening of the case and finds that it fails to state a claim under § 1983 against the remaining defendants. Therefore, Plaintiff is directed to show cause why the complaint should not be dismissed.

**Status of the Case**

Upon filing of the complaint, the Court conducted a preliminary screening as required by 28 U.S.C. § 1915A(a). The Court determined it needed additional information to properly screen the case and ordered a *Martinez* report (ECF No. 6). At the same time, the Court ordered that the defendants be served. After the *Martinez* report was filed, Defendants Corizon and Corizon employees Delperdang, and Einerson ("Corizon Defendants") filed an Answer to the complaint (ECF No. 48). In lieu of filing an Answer, the remaining defendants (Burris, Donley,

Heimgartner, and the State of Kansas) ("KDOC Defendants") filed a motion to dismiss for failure to state a claim (ECF No. 54). The Court granted that motion and dismissed Plaintiff's claims against the KDOC Defendants (ECF No. 60). The Corizon Defendants also filed a separate motion to dismiss (ECF No. 57), asking that Plaintiff's ADA claim be dismissed. The Court granted their motion in the same order (ECF No. 60), dismissing Count II of Plaintiff's complaint.

Consequently, what remains is Plaintiff's Eighth Amendment claim against the Corizon Defendants

**Summary of Complaint**

Plaintiff alleges that his Eighth Amendment rights are being violated by Defendants' deliberate indifference to his medical needs. Plaintiff complains that while his medical conditions have been monitored and he has received some treatment of symptoms, Defendants have not provided him with proper treatment for his end-stage cirrhosis of the liver. He alleges "[t]here is only <u>one proper treatment</u> for End Stage Cirrhosis – a liver transplant." ECF No. 1, at 13 (emphasis in original). He further complains that he has not been treated by qualified medical providers and that the pain he suffers as a result of his medical condition has been largely ignored by Defendants.

**Screening**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §

1915A(b)(1)–(2). 28 U.S.C. § 1915 also applies to cases that are filed *in forma pauperis*. Under subsection (e)(2)(B), such cases must be dismissed if the Court determines the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). Dismissal under subsection (e)(2)(B) may occur at any time. 28 U.S.C. § 1915(e)(2).

In some cases, such as this one, the Court may order the preparation of a *Martinez* report. "The purpose of the *Martinez* report is to ascertain whether there is a factual as well as a legal basis for the prisoner's claims. This, of course, will allow the court to dig beneath the conclusional allegations. These reports have proved useful to determine whether the case is so devoid of merit as to warrant dismissal without trial." *Gee v. Estes,* 829 F.2d 1005, 1007 (10th Cir. 1987). The report "is treated like an affidavit, and the court is not authorized to accept the factual findings of the prison investigation when the plaintiff has presented conflicting evidence." *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991) (citing *Sampley v. Ruettgers*, 704 F.2d 491, 493 n. 3 (10th Cir. 1983)).

The Court has examined the *Martinez* report and Plaintiff's medical records attached to the report and, for the reasons that follow, is considering the dismissal of this action. Plaintiff will be given an opportunity to respond to the *Martinez* report and is directed to show cause why dismissal should not be entered.

**Eighth Amendment Standard**

The United States Supreme Court has held that an inmate advancing a claim of cruel and unusual punishment based on inadequate provision of medical care must establish "deliberate indifference to serious medical needs." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The "deliberate indifference" standard has two components: "an objective component requiring that

3

the pain or deprivation be sufficiently serious; and a subjective component requiring that [prison] officials act with a sufficiently culpable state of mind." *Miller v. Glanz,* 948 F.2d 1562, 1569 (10th Cir. 1991); *Martinez v. Garden,* 430 F.3d 1302, 1304 (10th Cir. 2005).

To satisfy the objective component, the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle,* 429 U.S. at 104, 105; *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). A medical need is sufficiently serious if "it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005). The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety. *Farmer*, 511 U.S. at 837.

It is well-settled that deliberate indifference requires more than mere negligence. *See Farmer,* 511 U.S. at 835. Thus, the complaint that a physician, or other medical staff member, was negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. *Estelle,* 429 U.S. at 106; *Wilson v. Seiter,* 501 U.S. 294, 297 (1991). Likewise, a mere difference of opinion between the inmate and prison medical personnel regarding what constitutes reasonable treatment does not constitute cruel and unusual punishment. *See Estelle,* 429 U.S. at 106–07; *Handy v. Price,* 996 F.2d 1064, 1067 (10th Cir. 1993) (affirming that a quarrel between a prison inmate and the doctor as to the appropriate treatment for hepatitis did not successfully raise an Eighth Amendment claim); *El'Amin v. Pearce,* 750 F.2d 829, 833 (10th Cir. 1984) (A mere difference of opinion over the adequacy of medical treatment received cannot provide the basis for an Eighth Amendment claim.). As the United States Supreme Court has explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to

> the conscience of mankind...." Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.

*Estelle,* 429 U.S. at 105–106 (footnote omitted).

**Discussion**

Defendants have filed with the Court over 1400 pages of Plaintiff's medical records as exhibits attached to the *Martinez* report. *See* ECF Nos. 41, 41-1, 41-2, and 41-3. Along with the records, they filed an affidavit from Courtney Bowman, an Advanced Practice Registered Nurse employed by Corizon at EDCF (ECF No. 41-4). The records show that Plaintiff self-reported hepatitis, cirrhosis, and a history of liver cancer upon his arrived at EDCF. As a result of his reported conditions, he was placed on the chronic care protocol and laboratory tests were run within a month of his intake to assess his health status. Plaintiff was then monitored going forward, with physical and mental complaints addressed as they arose.

EDCF medical staff also obtained Plaintiff's medical records from the University of Kansas Medical Center (KU Med) based on Plaintiff's assertion that he was on the liver transplant list. The records show that Plaintiff was not on the list for a liver transplant initially because he was non-compliant (*see* ECF No. 41-1, at 64) and then because it was not indicated (*see* Progress Note, KU Med, 10/3/20011, ECF No. 41-1, at 80: "Plan is to continue Robert on surveillance every six months . . . [a]nd if he develops a recurrent tumor, he would be looking in the direction of transplantation."). In addition, the KU records show that as of 2014, there was no evidence of a recurrence of liver cancer. (*See* Provider Note, KU Med, 8/8/2014, ECF No. 41-1 at 23: "No evidence of adominopelvic metastatic disease following partial left lobe liver resection.")

Plaintiff's medical records further show that he does not have active hepatitis, despite his allegations, and that he does not currently have signs of liver cancer, again, despite his

5

allegations. That said, he does have liver damage and other potentially serious health issues. Consequently, the Court assumes that the objective element of the deliberate indifference standard has been satisfied and therefore turns to the subjective element.

"The subjective component of this inquiry requires an inmate to provide evidence— whether direct or circumstantial—from which a jury could reasonably infer the medical officials consciously disregarded an excessive risk to the inmate's health or safety." *Sherman v. Klenke*, 653 F. App'x 580, 586 (10th Cir. 2016) (*citing Self*, 439 F.3d at 1235). The medical records reveal that Plaintiff was seen by medical professionals at least 30 times over 2 years, and he had lab work or diagnostic testing done at least 12 times, including 3 abdominal ultrasounds. This does not count several medical appointments he refused to attend, nor does it count numerous and regular mental health visits. Plaintiff was also receiving medication for pain. At one point, Defendants did attempt to taper Mr. Dickerson's use of Tramadol, which the records show he disputed. The reason listed in the medical records, however, is that Tramadol is metabolized in the liver, putting further strain on that organ. *See* Physician Note, 8/15/17, ECF No. 41, at 420: "The tramadol taper is in his best interest with his complex liver history."

Far from being deliberately indifferent to Plaintiff's medical needs, the medical records show Defendants were responsive to his complaints and were monitoring his condition. "[W]here a doctor orders treatment consistent with the symptoms presented and then continues to monitor the patient's condition, an inference of deliberate indifference is unwarranted under our case law." *Self v. Crum,* 439 F.3d 1227, 1232-33 (10th Cir. 2006).

Mr. Dickerson's complaints here amount to no more than a layperson's disagreement with the scope and adequacy of the medical treatment provided by medical professionals. "However, as a matter of law, such a disagreement does not establish an Eighth Amendment claim.

6

Plaintiff's 'right is to medical care—*not* to the type or scope of medical care which he personally desires. A difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983.'" *Kneen v. Zavaras*, 568 F. App'x 580, 585 (10th Cir. 2014) (*quoting Coppinger v. Townsend,* 398 F.2d 392, 394 (10th Cir. 1968) (emphasis added); *see Handy v. Price,* 996 F.2d 1064, 1067 (10th Cir.1993) ("[A] quarrel with the doctor as to treatment for ... hepatitis ... raise[s] no constitutional issue.")). The Eighth Amendment protects inmates from the "infliction of punishment"—it does not give rise to claims sounding in negligence or medical malpractice. *Sherman*, 653 F. App'x at 586 (*quoting Self*, 439 F.3d at 1235); *see also Mata v. Saiz*, 427 F.3d 745, 758–59 (10th Cir. 2005).

Having considered the complaint, the *Martinez* report, and the medical records attached to the report, the Court directs Plaintiff to show cause why this matter should not be dismissed for failure to state a claim upon which relief may be granted. Plaintiff's response may not rest on generalizations; rather, he must provide specific factual allegations.

**Motions**

Plaintiff filed a motion for reconsideration (ECF No. 68) asking the Court to reconsider its order (ECF No. 60) dismissing the KDOC Defendants and Plaintiff's ADA claim.

A litigant who seeks reconsideration by the district court of an adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e) or a motion seeking relief from the judgment pursuant to Fed.R.Civ.P. 60(b)." *Van Skiver v. United States,* 952 F.2d 1241, 1243 (10th" Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed.R.Civ.P. 59(e). The Court will consider Mr. Dickerson's motion to reconsider pursuant to Rule 60(b) because the motion was filed more than twenty-eight days after the Court's order and partial judgment.

Rule 60(b) allows relief from judgments or orders in the event of:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . .; or (6) any other reason justifying relief . . .

Relief under Rule 60(b) is appropriate only in extraordinary circumstances, and the party seeking relief bears the burden of demonstrating those circumstances. *Van Skiver*, 952 F.2d at 1243-44. The purpose of a Rule 60(b) motion is not to ask the court to revisit arguments it has already considered, nor to advance new arguments that were available to a party during a proceeding on a motion. *Id.* at 1243.

Plaintiff has not shown any extraordinary circumstances, and the Court sees no reason to reconsider its ruling. Plaintiff's motion for reconsideration (ECF No. 68) is denied.

As for Plaintiff's third motion to appoint counsel (ECF No. 67), it is also denied. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (*quoting Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (*quoting Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to

investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (*citing Rucks*, 57 F.3d at 979).

Because the Court has determined that Plaintiff's case fails to state an actionable claim and because Plaintiff appears able to present his claims adequately, the motion is denied.

**Conclusion**

For the reasons stated herein, Plaintiff's complaint is subject to dismissal under 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff is therefore required to show good cause why his complaint should not be dismissed. Plaintiff is warned that his failure to file a timely response may result in the complaint being dismissed for the reasons stated herein without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **March 11, 2020**, in which to show good cause, in writing, why his complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** the Motion for Reconsideration (ECF No. 68) filed by Plaintiff is **denied**.

**IT IS FURTHER ORDERED** Plaintiff's Third Motion to Appoint Counsel (ECF No. 67) is **denied**.

**IT IS SO ORDERED.**

DATED: This 11th day of February, 2020, at Topeka, Kansas.

s/_Sam A. Crow_____
**SAM A. CROW**
**U.S. Senior District Judge**