IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT LEE DICKERSON,**

        **Plaintiff,**

      v.                                CASE NO. 18-3066-SAC

**CORIZON HEALTH, et al.,**

        **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Mr. Dickerson is an inmate at the El Dorado Correctional Facility in El Dorado, Kansas ("EDCF"). He alleges that his Eighth Amendment rights are being violated by Defendants' deliberate indifference to his medical needs. Plaintiff seeks an injunction ordering Corizon to have Plaintiff seen and treated by the liver transplant team at KU. Plaintiff also seeks compensatory damages.

On February 11, 2020, the Court entered a Memorandum and Order to Show Cause (ECF No. 71) ("MOSC") ordering Plaintiff to show cause by March 11, 2020, why this matter should not be dismissed due to the deficiencies set forth. Plaintiff has not responded to the MOSC. The MOSC stated that if Plaintiff failed within the time allotted to file a response, this action could be dismissed without further notice. ECF No. 71, at 9.

As explained in the MOSC, Mr. Dickerson's Complaint is subject to dismissal because he fails to state a claim for deliberate indifference under the Eighth Amendment. Far from being deliberately indifferent to Plaintiff's medical needs, the medical records show Defendants were

1

responsive to his complaints and were monitoring his condition. "[W]here a doctor orders treatment consistent with the symptoms presented and then continues to monitor the patient's condition, an inference of deliberate indifference is unwarranted under our case law." *Self v. Crum,* 439 F.3d 1227, 1232-33 (10th Cir. 2006).

Mr. Dickerson's allegations in the Complaint amount to no more than a layperson's disagreement with the scope and adequacy of the medical treatment provided by medical professionals. "However, as a matter of law, such a disagreement does not establish an Eighth Amendment claim. Plaintiff's 'right is to medical care—*not* to the type or scope of medical care which he personally desires. A difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983.'" *Kneen v. Zavaras*, 568 F. App'x 580, 585 (10th Cir. 2014) (*quoting Coppinger v. Townsend,* 398 F.2d 392, 394 (10th Cir. 1968) (emphasis added); *see Handy v. Price,* 996 F.2d 1064, 1067 (10th Cir.1993) ("[A] quarrel with the doctor as to treatment for ... hepatitis ... raise[s] no constitutional issue.")). The Eighth Amendment protects inmates from the "infliction of punishment"—it does not give rise to claims sounding in negligence or medical malpractice. *Sherman*, 653 F. App'x at 586 (*quoting Self*, 439 F.3d at 1235); *see also Mata v. Saiz*, 427 F.3d 745, 758–59 (10th Cir. 2005).

For these reasons, Plaintiff's Complaint is dismissed.

**IT IS THEREFORE ORDERED** that this action is dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED: This 31st day of March, 2020, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**